IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANN MARIE WILSON, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-00122-B (BT) |
| § | |
| § | |
| KAUFMAN COUNTY JAIL and § | |
| SHERIFF BRIAN BEAVERS, § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anne Marie Wilson, proceeding *pro se* and *in forma pauperis*, filed this civil action asserting claims under 42 U.S.C. § 1983. Plaintiff's complaint is subject to preliminary screening, and process has been withheld pending completion of this screening. Now, for the following reasons, the Court recommends that Plaintiff's complaint be DISMISSED.

I.

At the time she filed her complaint, Plaintiff was a pretrial detainee in the Kaufman County Jail. Defendants are the Kaufman County Jail and Kaufman County Sheriff Brian Beavers. Plaintiff states Defendants violated her civil rights when: (1) on December 6, 2018, her breakfast tray was refrigerated; (2) on December 10, 2018, there were insects in her breakfast; (3) she was served cold food that had "questionable freshness"; (4) in December 2018 and January 2019

1

she and other inmates were required to clean up vomit and bodily fluids from other sick prisoners; (5) there was standing water in the common areas; (6) the commissary sold moldy tortillas and wet ramen noodles; (7) she was not provided a tray that "supports" her dietary needs and she lost weight; (8) she was not assessed by a medical doctor or a person with an advanced medical degree although she has a mental illness and PTSD; (9) she was not provided an attorney during questioning by Kaufman County police officers; (10) she was told she would not be appointed an attorney until she was indicted or was incarcerated for 90 days; (11) she was denied access to a law library and the courts; (12) after she wrote letters to Sheriff Beavers, he told her on January 25, 2019, to stop contacting him and she felt intimidated by him; and (13) jail officials refused to provide her copies of her grievances and failed to adequately respond to her grievances. She seeks an order that Defendants allow her to do legal research and file *pro se* motions, that Defendants provide her food that does not contain insects, and that Defendants provide her privacy during showers. *See* Amended Complaint 4 (ECF No. 5). Plaintiff is no longer incarcerated in the Kaufman County Jail. *See* Notice of Change of Address (ECF Nos. 17, 18.)

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a

> prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Also, under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

III.

**A.    Kaufman County Jail**

Although Plaintiff names the Kaufman County Jail as a defendant, the jail is a non-jural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department—like the jail—unless the agency

3

or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313; *see also Johnson v. Jackson,* 2010 WL 1233508 at *2 (N.D. Tex. Mar. 5, 2010), *rec. adopted,* 2010 WL 1233537 (N.D. Tex. Mar. 29, 2010) (recognizing that Kaufman County Sheriff's Department is not a separate legal entity having jural authority); *Lindley v. Bowles*, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). Because the Kaufman County Jail is a non-jural entity under § 1983, Plaintiff's claims against this defendant should be dismissed.

**B.     Claims for Injunctive Relief**

Although Plaintiff asserts numerous claims, the only relief she seeks is injunctive relief. She requests an order that Defendants allow her to do legal research and file *pro se* motions, that Defendants serve food that does not contain insects, and that Defendants provide her with privacy to shower. Plaintiff is no longer incarcerated in the Kaufman County Jail. Her claims for relief are therefore moot. *See Cooper v. Sheriff Lubbock County Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (finding inmate's transfer to another prison rendered his injunctive claims moot). Plaintiff's complaint should therefore be dismissed.

4

IV.

Plaintiff's complaint should be dismissed under 28 U.S.C. §§ 1915A and 1915(e).

Signed April 17, 2019.

                                              _____
                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).